MARIO CANTORE AND NELLIE CANTORE, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 10480, 10481.   Promulgated July 26, 1928.

*Joseph Getz, C. P. A.*, for the petitioners.
*J. L. Greaney, Esq.*, for the respondent.

OPINION.

ARUNDELL: While there is evidence in the record indicating that some correspondence passed between the Cantore brothers after August and prior to December, 1920, there has been no proof of the receipt of definite advice of any kind from Alfonso Cantore on the sale of the bonds until the latter part of December, 1920, when M. Cantore received a letter, dated December 20, the pertinent part of which reads as follows:

> I am satisfied that you wish to give me an opportunity to make a few cents by asking me to buy your Italian government bonds. These bonds have gone down in price in our town; just as your liberty bonds have; but in every other nation the same thing has happened. Paper has gone down and gold has gone up in value now. But we will overcome all difficulties and I am satisfied that you will take $7,000.00 in cash American money, which I will get and give to your wife Nellie.

It is not clear from the language used whether A. Cantore was making an offer of $7,000 for the bonds or was in a position to get that sum of money for the securities from other sources. The following excerpt from the testimony of M. Cantore would indicate that he considered the letter as meaning that his brother would be able to sell the bonds for him for the sum of $7,000:

> I wrote a letter to my brother; he is a lawyer; I asked him if he can help me out, and my brother looked around and he said all right, he can do something, but he can do nothing more than getting any more than seven thousand dollars.

Whether or not the letter be construed as an offer on the part of A. Cantore to purchase the bonds for $7,000 in his own behalf or to secure a purchaser would seem immaterial, since there is no evidence of the acceptance of the offer, if one was made, in 1920, and there is no competent evidence in the record of a prior offer on the part of the partnership to sell the securities for the price of $7,000. The dealings had in 1920 did not extend beyond the stage of negotiations. The fact that petitioners entered on their books as a loss the difference between the purchase price of the bonds and $7,000 does not, of course, establish the deductibility of the loss in 1920 for bookkeeping entries are not conclusive evidence of the facts recorded and can not make sales from transactions which are not in fact sales. *Mitchell Bros.* v. *Doyle*, 247 U. S. 179, and *Cleveland Woolen Mills*, 8 B. T. A. 49.

In view of our conclusion that no agreement was entered into in 1920 for the sale of the bonds, it is unnecessary for us to decide whether the loss sustained would be deductible if an enforceable contract to sell the securities had existed in 1920.

*Judgment will be entered for the respondent.*